AARON D. LOVAAS, ESQ.
Nevada Bar No. 5701
MARK A. SMITH, ESQ.
Nevada Bar No. 7918
**SHIMON & LOVAAS**
A PROFESSIONAL CORPORATION
3016 W. Charleston Blvd., Ste. 210
Las Vegas, NV 89102
Phone: (702) 388-1011
Fax: (702) 387-1011
Attorneys for Defendant
DC INVESTMENTS, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PAT CLARK SPORTS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CHAMPION TRAILER, INC., an Indiana corporation; CHAMPION TRAILER ACQUISITION COMPANY, LLC, an Indiana limited liability company; DC INVESTMENTS, LLC, an Indiana limited liability company; OBSIDIAN ENTERPRISES, INC., a Delaware corporation; REELCRAFT INDUSTRIES, INC., an Indiana corporation; THE GATES CORPORATION, a Delaware corporation; and DOES I through X, inclusive,<br><br>Defendants. | CASE NO:  2:06-cv-00180-PMP-LRL<br><br>**DEFENDANT DC INVESTMENTS, LLC'S RENEWED MOTION TO DISMISS PURSUANT TO FRCP 12(b)(2) OR ALTERNATIVELY PURSUANT TO FRCP 12(b)(3)** |

COMES NOW Defendant DC INVESTMENTS, LLC ("DCI"), by and through its attorneys of record, Aaron D. Lovaas, Esq. and Mark A. Smith, Esq., of SHIMON & LOVAAS, a Professional Corporation, and, pursuant to this Court's April 25, 2007, Order, renews its Motion to Dismiss the Complaint against DCI pursuant to FRCP 12(b)(2) or, alternatively, pursuant to FRCP 12(b)(3).

SHIMON & LOVAAS
A PROFESSIONAL CORPORATION
3016 W. CHARLESTON, STE. 210
LAS VEGAS, NEVADA 89102
PHONE (702) 388-1011  FAX (702) 387-1011

This Renewed Motion is made and based upon the following Memorandum of Points and Authorities, the papers and pleadings on file herein, the attached and supporting Affidavits, and any oral argument that may be had at the time of hearing of this matter.

DATED this 28 day of January, 2008.

**SHIMON & LOVAAS**
**A PROFESSIONAL CORPORATION**

Aaron D. Lovaas, Esq.
Nevada Bar No. 5701
Mark A. Smith, Esq.
Nevada Bar No. 7918
3016 W. Charleston Blvd., Suite 210
Las Vegas, Nevada 89102
Attorneys for Defendant
DC INVESTMENTS, LLC

**POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION AND RELEVANT FACTS**

DCI files this Renewed Motion to Dismiss pursuant to this Court's Order, dated April 25, 2007 (Doc. #67).  (See, April 25, 2007, Order, attached hereto as **Exhibit A**). In the Order, the Court held that DCI's Motion to Dismiss (Doc. #52), filed January 19, 2007, was to renew upon expiration of a sixty (60) day discovery period.  (See, **Exhibit A**).  The sixty (60) day discovery period commenced the date of the Order, April 25, 2007, and was for the "sole purpose of determining jurisdictional facts related to the alleged fraudulent transfer from Champion Acquisition to Defendant DC Investments, LLC."  (See, **Exhibit A**).  The sixty (60) day discovery period has expired.  Accordingly, DCI files this Renewed Motion to Dismiss, and incorporates by reference DCI's January 19, 2007, Motion to Dismiss (Doc. #52) and DCI's February 22, 2007, Reply to Plaintiff's Opposition to Motion to Dismiss (Doc. #64).  (See, DCI's

1   Motion to Dismiss, attached hereto as **Exhibit B**, and DCI's Reply to Plaintiff's

2   Opposition to Motion to Dismiss, attached hereto as **Exhibit C**).

3       Because DCI does not have the minimum contacts necessary to support this

4   honorable Court's exercise of *in personam* jurisdiction over it under any "long arm

5   statute" and the Due Process Clause of the Fifth Amendment, DCI respectfully

6   requests the Court to dismiss Plaintiff's Amended Complaint against it pursuant to

7   FRCP 12(b)(2) for lack of personal jurisdiction. Alternatively, DCI respectfully requests

8   the Court to dismiss Plaintiff's Amended Complaint against it pursuant to FRCP

9   12(b)(3) for improper venue.

## II.

### LEGAL ARGUMENTS

**A.   DCI DOES NOT HAVE THE MINIMUM CONTACTS NECESSARY TO SUPPORT THIS COURT'S EXERCISE OF *IN PERONAM* JURISDICTION OVER DCI.**

14       This case arises out of an alleged dispute involving the manufacture and sale of

15   "race" trailers.   Plaintiff has failed to allege that DCI conducted any business in

16   Nevada, let alone that any transaction DCI was involved in occurred in Nevada.

17   Nevada's long-arm statutes permit courts to exercise jurisdiction over a party

18   consistent with the Due Process Clause of the Constitution of the United States. *See,*

19   NRS §14.065(1).   Simply stated, no minimum contacts exist in this case such that

20   would subject DCI to this Court's exercise of *in personam* jurisdiction over DCI.

21       As the Court pointed out in its previous Order (Doc. #67), Plaintiff has

22   presented no evidence that DCI has any regular and systematic contacts with Nevada,

23   and, further, that Plaintiff has conceded general personal jurisdiction does not exist as

24   to DCI.   Similarly, Plaintiff is unable to provide any evidence to establish specific

25   personal jurisdiction over DCI, including any evidence related to an alleged fraudulent

26   transfer from Champion Acquisition to DCI.   It is a plaintiff's burden to establish

27   personal jurisdiction where a defendant moves to dismiss a complaint for lack of

28   personal jurisdiction. *See, KVOS, Inc. v. Assoc. Press*, 299 U.S. 269 (1936).   Even

SHIMON & LOVAAS
A PROFESSIONAL CORPORATION
3016 W. CHARLESTON, STE. 210
LAS VEGAS, NEVADA 89102
PHONE (702) 388-1011   FAX (702) 387-1011

1   after ample time for further discovery related to the issue, Plaintiff has failed to

2   demonstrate that this honorable Court's jurisdiction over DCI is appropriate.

3        In the present case, DCI purchased a trailer from another Indiana company,

4   never had any contact with Nevada, never had any contact with Plaintiff, and, notably,

5   paid valid consideration for the subject trailer.  As the Court also observed in its prior

6   Order (Doc. #67), Plaintiff cannot even get over the first prong of the three (3) part test

7   for specific jurisdiction, that DCI purposefully directed its activities towards Nevada or

8   performed some act by which DCI purposefully availed itself of privileges of Nevada.

9   Plaintiff has simply been unable to show purposeful availment or direction, including

10  through allegations of fraudulent transfer.  *See, Burger King Corp. v. Rudzewicz*, 471

11  U.S. 462 (1985); *Harris Rutsky & Co. v. Bell & Clements Ltd.*, 328 F.3d 1122 (9th Cir.

12  2003).

13       After having had the opportunity to conduct further jurisdictional discovery "for

14  the sole purpose of determining jurisdictional facts related to the alleged fraudulent

15  transfer from Champion Acquisition to" DCI, Plaintiff still cannot show any purposeful

16  availment.  Therefore, any exercise of specific jurisdiction over DCI in Nevada would

17  be manifestly unreasonable, and the Complaint should be dismissed as against DCI .

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**SHIMON & LOVAAS**
A PROFESSIONAL CORPORATION
3016 W. CHARLESTON, STE. 210
LAS VEGAS, NEVADA 89102
PHONE (702) 388-1011   FAX (702) 387-1011

-4-

## III.

## CONCLUSION

Defendant DCI respectfully requests this Court to dismiss Plaintiff's Complaint against it pursuant to FRCP 12(b)(2), or, alternatively, to dismiss Plaintiff's Complaint against it pursuant to FRCP 12(b)(3).

DATED this _26_ day of January, 2008.

SHIMON & LOVAAS
A PROFESSIONAL CORPORATION

Aaron D. Lovaas, Esq.
Nevada Bar No. 5701
Mark A. Smith, Esq.
Nevada Bar No. 7918
3016 W. Charleston Blvd., Suite 210
Las Vegas, Nevada 89102
Attorneys for Defendant
DC INVESTMENTS, LLC

///
///
///
///
///
///
///
///
///
///
///
///
///
///

-5-

1

2

**CERTIFICATE OF SERVICE**

3    I hereby certify that on this _28th_ day of January, 2008, a true and correct

4  copy of the foregoing **DEFENDANT DC INVESTMENTS, LLC'S RENEWED MOTION**

5  **TO DISMISS PURSUANT TO FRCP 12(b)(2) OR ALTERNATIVELY PURSUANT TO**

6  **FRCP 12(b)(3)** was electronically filed with the District Court and electronically served

7  on the following:

8  Mark Borghese, Esq.                        Lon A. Burke, Esq.
   Weide & Miller, Ltd.                       Laxalt & Nomura, Ltd.
9  7251 W. Lake Mead Blvd., Ste. 530          3800 Howard Hughes Pkwy., Ste. 550
   Las Vegas, NV 89128                        Las Vegas, NV 89169
10 mborghese@weidemiller.com                  lburke@laxalt-nomura.com
   Attorneys for Plaintiff                    Attorneys for Reelcraft Industries, Inc.

11

12 Ben West, Esq.                             Stewart C. Fitts, Esq.
   Thomas Grace, Esq.                         Smith Larsen & Wixom
13 Santoro, Driggs, Walch, Kearney, Johnson   Hills Center Business Park
   & Thompson                                 1935 Village Center Circle
14 400 S. Fourth Street, 3rd Floor            Las Vegas, NV 89134
   Las Vegas, NV 89101                        scf@slwlaw.com
15 bwest@nevadafirm.com                       Attorneys for Obsidian Enterprises, Inc.
   tgrace@nevadafirm.com
16 lmanzano@nevadafirm.com
17 Attorneys for Champion Trailer, Inc.

18 Michael M. Edwards, Esq.
   Jennifer Willis Arledge, Esq.
19 Lewis Brisbois Bisgaard & Smith, LLP
   400 S. Fourth Street, Ste. 500
20 Las Vegas, NV 89101
   tasso@lbbslaw.com
21 medwards@lbbslaw.com
22 arledge@lbbslaw.com
   Attorneys for The Gates Corporation
23

24                                          _Onnulee Killer_
                                           An Employee of Shimon & Lovaas, P.C.
25

26

27

28

SHIMON & LOVAAS
A PROFESSIONAL CORPORATION
3016 W. CHARLESTON, STE. 210
LAS VEGAS, NEVADA 89102
PHONE (702) 388-1011  FAX (702) 387-1011